UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHELLE B., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:21-cv-00337-JAW |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | |

**RECOMMENDED DECISION ON MOTION FOR 406(b) ATTORNEY FEES**

The Plaintiff's counsel moves for an award of $29,379.03 in attorney fees pursuant to 42 U.S.C. § 406(b) for work in this Court that resulted in the Commissioner's filing of an unopposed motion to remand the case and, ultimately, an award to the Plaintiff of $117,516.12 in past-due Social Security Disability (SSD) benefits. *See* Motion (ECF No. 24) at 1-2. The Commissioner takes no position on the reasonableness of the requested fee award but asks that the Court either specify the amount of any authorized award without directing that the Commissioner "pay" it or, alternatively, direct that the authorized amount be paid from the Plaintiff's past-due benefits in accordance with agency policy. *See* Response (ECF No. 26) at 1-2.

For the reasons that follow, I recommend that the Court grant the Motion and direct that a Section 406(b) fee award in the sum of $29,379.03 be paid to counsel from the Plaintiff's past-due benefits in accordance with Social Security Administration ("SSA") policy, subject to the requirement that counsel pay the

1

Plaintiff the sum of $5,441.76 in attorney fees previously awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).[1]

## I. Legal Standard

Section 406(b) of the Social Security Act provides that when a court renders a judgment favorable to a represented claimant, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, with "one boundary line"—that fees may not exceed 25 percent of past-due benefits—Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* (cleaned up).

"The outer boundaries of a test of 'reasonableness' are difficult to plot." *Beaulieu v. Colvin*, No. 1:10-cv-454-GZS, 2016 WL 675646, at *2 (D. Me. Jan. 28, 2016) (rec. dec.), *aff'd*, 2016 WL 675646 (D. Me. Feb. 18, 2016) (cleaned up). *Id.* "However, this much is clear: Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is

---

[1] Counsel timely filed the Motion on December 12, 2023, within thirty days of the SSA's notice of award to the Plaintiff dated November 12, 2023. *See* ECF No. 24-2 at 2; Local Rule 54.2 (directing that Section 406(b) fee applications "be filed within 30 days of the date of the Commissioner of Social Security's notice of award that establishes both that there are past due benefits and the amount thereof").

2

appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are [sufficiently] disproportionate in relation to the amount of time counsel spent on the case" to "implicate windfall concerns." *Id.*

## II. Background

The Plaintiff agreed to pay her counsel a contingent fee for representation before this Court in the amount of 25 percent of the total of any past-due benefits awarded to her. *See* ECF No. 24-1. Shortly after counsel filed a statement of errors in this matter the Commissioner filed a motion for remand that led to a fully favorable decision awarding the Plaintiff $117,516.12 in past-due SSD benefits and $2,093 monthly as of December 2023, adjusted annually for inflation. *See* Motion at 1; ECF No. 24-2 at 1-2, 4. Counsel logged a total of twenty-four hours' work before the Court. *See* ECF No. 24-3. The Plaintiff submitted a declaration stating that she understood that she could object to the requested fee but was "happy with the work performed" by counsel and "support[ed] his request for authorization of an attorney fee in the amount of $29,379.03 for work he did in federal court." ECF No. 27-1, ¶ 5.

## III. Discussion

Counsel argues that although his requested fee would result in an effective hourly rate of $1,224.13 for work before this Court, it does not implicate windfall concerns. *See* Motion at 3-5; Reply (ECF No. 27) at 1-2. I agree.

3

First, "the fee request conforms with the Plaintiff's contingent fee agreement and does not exceed the 25% statutory limit." *Christopher H. v. Kijakazi*, No. 2:18-cv-00355-NT, 2022 WL 17668469, at *1 (D. Me. Dec. 14, 2022). Second, the Plaintiff's counsel's "work in this Court prompted a motion for remand, and the Commissioner has provided nothing to suggest that the Plaintiff's subsequent success was not due to the efforts of [her] attorney." *Id.* Third, there is no "suggestion of inadequate representation, delay, or an inordinately easy case." *Id.* On the contrary, the Plaintiff declares that she is happy with counsel's work and supports his fee request. *See* ECF No. 27-1. Fourth, and finally, the effective hourly rate is within the bounds of those this Court has deemed reasonable in weighing windfall concerns against the need to encourage counsel to continue to bear the risk of representing claimants on a contingent-fee basis. *See* Order (ECF No. 23), *Alan S. v. Kijakazi*, No. 1:18-cv-00199-GZS (D. Me. Jan. 9, 2023) (approving a Section 406(b) fee with an effective hourly rate of $2,158.20); *Christopher H.*, 2022 WL 17668469, at *1 (approving a Section 406(b) fee with an effectively hourly rate of $1,190.48); *Weed v. Colvin*, No. 2:14-cv-271-JHR, 2016 WL 3919849, at *2-3 (D. Me. July 15, 2016) (approving a Section 406(b) fee with an effective hourly rate of $1,279.56 ).

## IV. Conclusion

For the foregoing reasons, I recommend that the Motion be **GRANTED** and that the Court **DIRECT** that a Section 406(b) fee award in the sum of $29,379.03 be paid to counsel from the Plaintiff's past-due benefits in accordance with SSA policy,

4

subject to the requirement that counsel pay the Plaintiff $5,441.76, the sum earlier awarded to counsel pursuant to the EAJA.

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: February 16, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge